Thanks to all counsel and we'll move on to the next case of the day which is Acuity a mutual insurance company versus Kessor Enterprises number 17-2950 Mr. Tater May it please the court, counsel Mark Tater on behalf of the defendant Kessor Enterprises This case is an insurance coverage issue that relates to whether there existed an insured contract within the meaning of the insurance policy Michael Christie, the injured person, was working at the Jones Beach Theater cleanup site after Hurricane Sandy He was at that scene and was injured because of the contract that existed between BMS CAT and Kessor That contract put him at that location and but for that contract Christie was not at the scene and he would not have sustained a bodily injury But for that injury he would have made no claim against Life Nation which is in turn what triggers the issue that's before this court The contract at issue between Kessor and BMS CAT has a very broad indemnity provision and it basically relates to I'll read the exact language It talks about acts, omissions and negligence or fault by the vendor which would be Kessor But then it says or otherwise arising out of or in any manner related to the services or the work That squarely puts this case, the underlying case by Mr. Christie against Life Nation within the terms of that contract And this contract is squarely within the meaning of the policy definition of insured contract Why do you say that? Because don't you have to read that language I understand why you're emphasizing the language after the or But don't you have to read that to be a contract in which tort liability of a third party is being assumed And the language is focusing on the services, work or performance by I'm just going to insert Kessor The policy language defining tort liability is a liability that would be imposed by law in the absence of any contract or agreement And so that liability against Life Nation was either common law negligence or there was an alleged violation of the New York Labor Law which is, as I understand it, something along the lines of what Illinois previously had as a Structural Work Act But Life Nation's liability, if it had any, was in tort as defined by the policy The underlying contract, the master contract between BMSCAT and Kessor brought that claim against Kessor That's the point I want to challenge you on because when you look at the indemnity provision it just seems by its terms from the language that you were reading there to focus on acts, omissions, negligence or fault by the vendor In other words, there's no reference to liability arising out of negligence or any other form If I understand your question, and that was where the district court went with this However, you have the language that is specifically talking about acts or negligence or omissions by Kessor But then it goes on to say, or in any way sustained or other So talk about the language of the fault But then it goes on to make a much more broad correlation It does, but it includes the words and this is where I think your challenge lies It includes the words by vendor And the work that was done by the vendor in this case the work and the services was providing the employee to the worksite And so this claim came out of, but for the obligation of Kessor to provide that employee Mr. Christie would not have been there He would not have been injured There would not have been a claim So under this language, it's not disputed either by the district court or by ACUITY that if there is an insured contract if this master agreement is an insured contract that it would then come within the coverage of the policy And the denial of coverage and more importantly the denial of a defense was incorrectly decided and was improper by ACUITY What's the status of the Christie claim at this point? At this point, we have, counsel was hired in New York and there are pending cross motions for summary judgment based upon the liability issue So Christie's underlying claim is still pending? It is I had understood, I thought I understood your argument parsing the language here, Mr. Tater but I had thought that the, is it the Virginia surety case? Basically said you need something a lot more explicit than what you've got here about a promise to indemnify somebody like Live Nation for their own negligence I believe that may have actually been the Texas courts that had, the master contract is under Texas law and there was some case law in Texas addressing the issue of when an indemnity provision would be enforced and my response to that is that is an underlying substantive defense that certainly could and should have been raised by counsel hired by ACUITY We have raised that issue as a substantive defense but that's akin to saying there's no coverage in an automobile case because the case, the claim may be subject to a statute of limitations defense the fact that there's a substantive defense to the claims for indemnity doesn't go to the issue of whether it was covered because it potentially was subject to liability or whether there should have been a defense Thank you Do you want to save the rest of your time for about I'd like to  We'll next hear from Mr. Rock on behalf of ACUITY Thank you Your Honor May it please the court, counsel There's really only one matter at issue in this case and that's whether the contract, the master vendor contract between BMS CAT and Kessler is an insured contract as defined by the ACUITY policy As you mentioned, Your Honor, the Virginia surety case clearly states that an insured contract is one where the insured agrees to indemnify the other party against that party's own negligence The only way coverage is potentially available here is if that insured contract exception applies to the employer's liability exclusion and the contractual liability exclusion under Seventh Circuit precedent It's Kessler's burden to show that and they haven't The master vendor contract is not an insured contract They have not cited a single case throughout their briefing where But the argument is that Live Nation is claiming that it is That Live Nation is claiming No, I understand A right to indemnity Yes And why doesn't that at least trigger a right, a duty to defend? So they've asserted a right to indemnity but they've not I mean, the cause of action in the Christie case is just a boilerplate cause of action for indemnity It's a It simply cites the contract language and says What does boilerplate mean? Other than just disparage it Sure, I won't It wasn't my intent to disparage the cause of action It really was just to say All that is in there is Live Nation lists the contract language and states that pursuant to this contract language Kessler owes us a contractual right of indemnity Right, I can see how you get to that conclusion Virginia surety may provide a good answer on the merits but why isn't there a duty to defend? Because the What we're doing in this case is determining under Illinois law the application of an insurance provision between Acuity and Kessler The question of the indemnity Kessler says I'm being sued for indemnity Yes Kessler says I don't think I agreed to indemnify but I'm getting sued for that Yes And usually it's not a defense An insurer usually can't get out from a duty to defend by saying but you'll win I understand the point that your honor is trying to make but the Virginia surety case is clear that even on the duty to defend the language of the insurance policy and the master contract is what controls The court in Virginia surety compared the allegations and in subsequent Illinois case law following that for instance by Tuminous what they did was take Virginia surety's ruling and applied that definition of insured contract at the beginning of the case at the duty to defend stage all they did was say here we have this contract and we have an insurance policy and they compared the language that was in the insurance policy and the issue really is just that the language in the contract must assume the tort liability of another party and that language is strictly construed and so where this court is being asked to interpret the definition of insured contract under Illinois law it just needs to look at the insurance policy and the contract that Kessler is seeking coverage under I think under both Texas or Illinois law this is the case indemnity contracts are strictly construed against indemnifying a party for the indemnity's own negligence there must be an unmistakable unequivocal clear and explicit expression of that intent and there simply is not that here as your honor pointed out the language in the contract specifically refers to arising out of the services, the work, the performance of the vendor and not only that but the services and work are defined terms that describe supplying of laborers by Kessler to BMS CAT Live Nation simply is not performing any work or services here making this language all the more clear it's an extraordinary shifting of risk to move indemnity for Live Nation's own negligence here to Kessler in this contract and it's not contemplated by the language of the contract it's essentially the language in the contract and the purpose of it appears to instead be to avoid the exclusive remedy for workers' compensation under various states' laws I'd like to also add the master vendor contract suggests that it should be interpreted under Texas law there's no under Texas law there's also a conspicuousness requirement that's not met by this contract with respect to indemnifying an indemnity for its own negligence it's not made to stand out from the rest of the contract in any way I would also submit that Kessler's other arguments are essentially red herrings Kessler's talking about the enforceability of the master contract and we're not talking about that issue at all he references substantive defenses in the underlying case and those issues are they're not at issue here all again that is at issue is the language of the insurance policy the unambiguous language of the insurance policy the language of the master vendor contract which must be strictly construed and then the fact that Kessler has to meet its burden to show that this exception for the insured contract applies ultimately your honors I think I would just conclude in saying that I believe Judge Dow is correct in holding that since the master contract does not indicate that Kessler has assumed the tort liability of another party the master contract is not an insured contract and the employer's liability exclusion applies to exclude coverage under the CGL policy this court should affirm thank you very much thank you very much Mr. Rock rebuttal Mr. Tater in this case acuity as with most insurance cases acuity drafted the policy when they drafted the policy they defined tort liability as any liability that would arise outside that would arise without the existence of a contract or an agreement that does not preclude it does not limit it to liability under Illinois law it does not limit it to liability with negligence findings that are similar to what are required under Illinois law and the fact that a case was brought in New York for work done in New York is clearly covered by the language of the policy the Virginia surety case at most puts a spin or a nuance on the definition that appears in the policy language and there is it is fundamentally unfair for a lay person as Kessler is in this context for them to understand what the ramifications are of that nuance that's created by Illinois case law are you saying it's unfair for us to apply Illinois case law what I'm saying is that the contract is supposed to be construed strictly against acuity as the drafter where what they're relying on really is a nuance that is created by Illinois case law I think that should be it's Illinois case law that also imposes the same obligation to construe against acuity right? yes so sounds like you want us to disagree with the Illinois Supreme Court on an issue of Illinois law well actually I'm not I wouldn't suggest that but I would say though is that in this context the Virginia surety case is of it is really not of all that much importance because all it says is that we're not going to enforce a contract that indemnifies you for your own negligence and what they were dealing with is whether the cap that was imposed by the workers' compensation law would be applied or whether it could be waived and that's it really is not something that's directly an issue here okay thank you Mr. Tater thank you alright thanks to all counsel the case is taken under advisement